IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02859-BNB

CURT ALLEN SIGLER,

    Plaintiff,

v.

GUARANTY BANK AND TRUST COMPANY,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Curt Allen Sigler, has filed *pro se* a Complaint (ECF No. 1). The court must construe the Complaint liberally because Mr. Sigler is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    The court has reviewed the Complaint and finds that it is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications*

*Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Sigler fails to provide a short and plain statement of the grounds for the court's jurisdiction. Mr. Sigler apparently contends that Defendant has violated the Uniform Commercial Code. However, the Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 over an alleged violation of the Uniform Commercial Code because the "Uniform Commercial Code is not federal law." *Motorola, Inc. v. Perry*, 917 F. Supp. 43, 48 n.5 (D.D.C. 1996); *see also Johnson v. Fedex/Kinko's Store No. 1726*, No. 1:11-cv-563, 2012 WL 997006 (S.D. Ohio Mar. 23, 2012) ("The U.C.C. does not grant federal subject matter jurisdiction."). Although Mr. Sigler also makes a brief reference to diversity of citizenship, he fails to allege facts that demonstrate diversity jurisdiction pursuant to 28 U.S.C. § 1332 is appropriate.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." The facts essential to show diversity jurisdiction must be pleaded affirmatively. *See Penteco Corp. Ltd.*

2

*Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Mr. Sigler alleges that the parties are citizens of different states. However, it appears that the relief Mr. Sigler seeks is an award of damages in the amount of $50,000.00, which does not satisfy the amount in controversy requirement for diversity jurisdiction.

Mr. Sigler also fails to provide a short and plain statement of his claim showing he is entitled to relief because he fails to allege specific facts that demonstrate how Defendant violated the Uniform Commercial Code. Mere vague and conclusory allegations that rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Sigler will be ordered to file an amended complaint that provides fair notice of the specific federal claim he is asserting if he wishes to pursue that claim in this action. Mr. Sigler "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Sigler file, **within thirty (30) days from the date of this**

**order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Sigler shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Sigler fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED October 22, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge