IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02859-GPG

CURT ALLEN SIGLER, sui juris,

    Plaintiff,

v.

GUARANTY BANK AND TRUST COMPANY, and
JP MORGAN CHASE MANHATTAN BANK,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Curt Allen Sigler, has filed *pro se* an Amended Complaint (ECF No. 9). Mr. Sigler has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims Mr. Sigler is asserting are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous and malicious.

    The Court must construe the Amended Complaint liberally because Mr. Sigler is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Sigler's claims in this diversity action arise from the negotiation of a cashier's check in the amount of $50,000.00.  The named Defendants are Guaranty Bank and Trust Company ("Guaranty") and JP Morgan Chase Manhattan Bank ("Chase").[1]  Mr. Sigler alleges that he purchased the cashier's check in December 2007 from Guaranty and that the cashier's check was made payable to both Mr. Sigler and his wife.  He further alleges that his wife forged his signature and cashed the cashier's check in February 2008.  According to Mr. Sigler, "had Chase and Guaranty banks obeyed the laws, rules and standard banking practices [his wife] could have never cashed that check without Plaintiff."  (ECF No. 9 at 3, ¶2.)  Furthermore,

> Plaintiff believes the law and U.C.C. and the promises made to him when he purchased the Cashier's Check made it absolutely impossible for anyone to cash this check without him present and that Guaranty bank was ultimately liable for the funds as a Cashier's check is a "Special" instrument that is drawn on and paid from their bank and that Chase should have never even touched the check as it was not drawn on their bank which makes Chase liable for their libelous guarantee of endorsement by Plaintiff.

(*Id.* at 3, ¶3.)  Mr. Sigler contends he "is filing this complaint against Guarantee Bank and Trust Company for paying out a forged instrument drawn on their bank and refusing to return the funds to the Plaintiff."  (*Id.* at 5, ¶5.)  He is suing Chase "for slander, Libel, conspiracy to commit theft and forgery and anything else that a Jury finds as fact or

---

[1] Chase has filed a motion to dismiss (ECF No. 10) identifying its proper name as JPMorgan Chase Bank, N.A.

equitable." (*Id.* at 6, ¶6.)

Mr. Sigler concedes that he previously filed suit against Chase in the District of Colorado asserting a claim for conversion based on the same factual allegations in the Amended Complaint in this action. (*See* ECF No. 9 at 4.) The Court ultimately dismissed *Sigler v. JP Morgan Chase Bank NA*, No. 10-cv-01794-LTB-BNB (D. Colo. Nov. 29, 2012), *appeal dismissed*, No. 12-1507 (10th Cir. Apr. 11, 2013), with prejudice due to Mr. Sigler's abuse of the judicial system and his repeated failures to comply with applicable rules and court orders.

Mr. Sigler's claims against Guaranty and Chase are legally frivolous and must be dismissed because the claims are untimely. Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the Court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

The Court must apply Colorado's statute of limitations in this diversity action. *See Cook v. G.D. Searle & Co.*, 759 F.2d 800, 802 (10th Cir. 1985). Thus, the applicable statute of limitations for Mr. Sigler's claims under the Uniform Commercial Code is three years. *See* Colo. Rev. Stat. § 13-80-101(a). The applicable statute of limitations for Mr. Sigler's civil theft claim and any negligence claim he may be asserting is two years. *See* Colo. Rev. Stat. § 13-80-102(a); *Michaelson v. Michaelson*, 923 P.2d

237, 241 (Colo. App. 1985), *rev'd on other grounds*, 939 P.2d 835 (Colo. 1997).  Finally, the applicable statute of limitations for Mr. Sigler's libel and slander claims is one year.  *See* Colo. Rev. Stat. § 13-80-103(a).

It is obvious on the face of the Amended Complaint that Mr. Sigler's claims accrued more than three before he filed the instant action in October 2014.  He alleges in the Amended Complaint that he discovered in 2008 that his wife had cashed the cashier's check.  Furthermore, even if his claims did not accrue in 2008 for some reason, they certainly accrued prior to July 2010 when Mr. Sigler filed suit against Chase based on the same factual allegations set forth in the Amended Complaint.  As a result, it also is obvious on the face of the Amended Complaint that Mr. Sigler's claims are untimely.  The claims will be dismissed as legally frivolous because the facts Mr. Sigler alleges do not support an arguable claim.

Mr. Sigler's claims against Chase also are subject to dismissal for another reason.  "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious."  *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted).  To determine whether a pleading repeats pending or previously litigated claims, the Court may consult its own records.  *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972).  The Court has consulted its records and finds that Mr. Sigler's claims in this action are repetitive of the claims he pursued against Chase in case number 10-cv-01794-LTB-BNB.  Therefore, the claims against Chase also will be dismissed as malicious.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Amended Complaint and the action are dismissed as legally frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that "JPMorgan Chase Bank N.A.'s Motion to Dismiss Plaintiff's Amended Complaint With Prejudice Under Fed. R. Civ. P. 12(b)(6)" (ECF No. 10) is denied as moot.

DATED at Denver, Colorado, this  29th  day of    January    , 2015.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court